# IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A.,
Appellant,
vs.
NEVADA PROPERTY HOLDINGS LLC;
AND LP FINANCIAL INC.,
Respondents.

No. 68481

FILED

DEC 4 20[...]

ELIZA[...] [...]BR[...]
CLERK [...]
BY [signature]
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Michael Villani, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Wells Fargo Bank challenges the relevant provisions of NRS Chapter 116, arguing that the statutory scheme violates its due process rights and that a foreclosure under that scheme constitutes a governmental taking. This court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), forecloses those challenges.[1]

---

[1] We need not address Wells Fargo's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

17-43192

Wells Fargo also asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16, Wells Fargo did not offer any evidence other than the inadequacy of the purchase price. Therefore, the district court correctly determined that respondent was entitled to summary judgment on its quiet title claim.[2] *See SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust)[3]; *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant.").

---

[2]Because Wells Fargo did not demonstrate sufficient grounds to justify setting aside the foreclosure sale, we need not address respondent's putative status as a bona fide purchaser.

[3]To the extent that Wells Fargo's public policy arguments were not addressed in *SFR Investments*, we conclude that those arguments do not warrant reversal.

Although Wells Fargo contends that respondent "did not offer evidence that the HOA sale complied with applicable notice and mailing requirements" and "failed to provide any evidence or assert that no other entity or individual paid off the super-priority lien prior to the HOA sale," these contentions do not change the propriety of the district court's determination. With respect to the first contention, NRS 47.250(16) provides a disputable presumption "[t]hat the law has been obeyed" such that the burden shifted to Wells Fargo to show that the HOA *did not* comply with the applicable notice and mailing requirements.[4] *See Nationstar Mortg.*, 133 Nev., Adv. Op. 91 at 11; *see also Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016) (explaining that conclusive effect of recitals included in trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief but that party challenging the sale must set forth grounds for such relief). With respect to the second contention, Wells Fargo has not cited any authority, nor are we aware of any, that would support the proposition that it was respondent's burden to establish the absence of a tender. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[4]We note that Wells Fargo's briefs contained no discussion regarding the district court's denial of an NRCP 56(f) continuance.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Michael Villani, District Judge
Persi J. Mishel, Settlement Judge
Snell & Wilmer, LLP/Tucson
Snell & Wilmer, LLP/Las Vegas
The Law Office of Mike Beede, PLLC
Eighth District Court Clerk