# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS SUCCESSOR-IN-INTEREST TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR7 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR7, A NEW YORK CORPORATION; AND NATIONAL DEFAULT SERVICING CORPORATION, AN ARIZONA CORPORATION,
Appellants,
vs.
NV EAGLES, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 70707



FILED

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Bank of New York Mellon (BNYM) challenges the relevant provisions in NRS Chapter 116, arguing that the statutory scheme violates its due process rights. Recognizing that this court rejected such a due-process challenge in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), BNYM

17-43305

asks us to overrule *Saticoy Bay* and hold that a nonjudicial foreclosure sale under NRS Chapter 116 involves state action. We decline to do so.[1]

BNYM also argues that the district court erred in relying on *SFR Investments Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust), because *SFR* should be applied prospectively only. We disagree as explained in *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017).

Finally, BNYM argues that the district court erred as a matter of law because the purchase price was grossly inadequate. Contrary to BNYM's assertions, this court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale; this court's decision in *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105 (2016), did not change that rule. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). The party seeking to set aside a foreclosure sale must

---

[1]We need not address BNYM's alternative argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16, BNYM points to no evidence of fraud, unfairness, or oppression.

BNYM alternatively argues that a remand is necessary because the district court did not consider the equities or because BNYM should be afforded an opportunity to conduct discovery and present evidence of fraud, unfairness, or oppression. We disagree. BNYM is correct that the district court did not have the benefit of our decision in *Shadow Wood*, which explained that the recitals in a trustee's deed of sale, as provided in NRS 116.31166, do not preclude equitable relief where there are grounds for such relief. *Shadow Wood*, 132 Nev., Adv. Op. 5, 366 P.3d at 1109-12. The district court, however, did not decline to consider the equities; instead, it followed the long-standing rule referenced in *Shadow Wood*—that inadequacy of price alone is not sufficient to invalidate a foreclosure sale absent evidence of fraud, unfairness, or oppression. BNYM also had the opportunity to conduct discovery and present evidence of fraud, unfairness, or oppression in this case. To the extent that BNYM did not present such evidence because it misunderstood the law, that misunderstanding does not entitle it to a remand.

Having considered the parties' arguments and the record, we conclude that the district court correctly determined that respondent was entitled to summary judgment. *See SFR*, 130 Nev., Adv. Op. 75, 334 P.3d at 419 (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls

SUPREME COURT
OF
NEVADA

(O) 1947A

3

which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich


cc:    Hon. Nancy L. Allf, District Judge
       Eleissa C. Lavelle, Settlement Judge
       Ballard Spahr LLP
       The Wright Law Group
       Eighth District Court Clerk