# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, A FOREIGN CORPORATION,
Appellant,
vs.
HOLM INTERNATIONAL PROPERTIES, LLC, A UTAH LIMITED LIABILITY COMPANY REGISTERED AS A FOREIGN LIMITED LIABILITY IN NEVADA,
Respondent.

No. 70689

FILED

DEC 14 2017

CLERK OF SUPREME COURT
BY_____ DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Bank of New York Mellon (BNYM) challenges the relevant provisions in NRS Chapter 116, arguing that the statutory scheme violates its due process rights and authorizes an unconstitutional governmental taking of private property. This court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), forecloses those challenges.[1]

---

[1]We need not address BNYM's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust

17-43197

BNYM also asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Here, as evidence of unfairness, BNYM observes that the notice of sale was mailed to its loan servicer and not directly to BNYM.[2] We agree with the district court, however, that the HOA's agent was not statutorily required to mail the notice directly to BNYM when there was no mailing address listed for BNYM in the public records. Thus, although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16, we agree with the district court that BNYM did not offer any evidence other than the inadequacy of the purchase price.

---

beneficiary. *SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

[2]BNYM does not appear to be genuinely disputing whether the notice was mailed to its loan servicer. Moreover, although BNYM maintains that the notice should have been mailed to its "actual address," BNYM has not indicated what that address is or how the HOA's agent could have located it.

Finally, BNYM argues that the district court erred in treating the recitals in the trustee's deed as conclusive proof that the foreclosure sale complied with the statutory requirements for a valid foreclosure sale. We conclude that the district court did not err.

NRS 116.31166 affords conclusive effect to certain recitals included in a trustee's deed.[3] Despite NRS 116.31166, we have indicated that courts have the power "to grant equitable relief from a defective foreclosure sale when appropriate." *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1110-11 (2016). Thus, where the trustee's deed includes the recitals made conclusive by operation of NRS 116.31166, the burden falls on the party challenging the foreclosure sale to demonstrate sufficient facts to justify setting it aside. *See id.* at 1112. On appeal, BNYM has not identified any such evidence in the record aside from the purchase price, which as indicated above is not sufficient standing alone. Thus, under the circumstances, the district court correctly determined that respondent was entitled to summary judgment.[4]

---

[3]Because the foreclosure sale occurred before October 1, 2015, the 2015 amendments to NRS 116.31166 do not apply. 2015 Nev. Stat., ch. 266, § 9(4), at 1349. All references to the statute are to the version in effect before those amendments.

[4]BNYM argues that a remand is appropriate so that the district court can consider this case in light of the *Shadow Wood* opinion and because the district court granted summary judgment before any discovery was conducted. However, the district court permitted the parties to submit supplemental briefing after the *Shadow Wood* opinion was published, and BNYM did not request a continuance to conduct discovery. *See* NRCP 56(f). Thus, these arguments do not warrant a remand. Finally, we have not considered the arguments that BNYM made for the first time in its reply brief. *See Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011).

SUPREME COURT
OF
NEVADA

(O) 1947A

*See SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."); *id.* at 732, 121 P.3d at 1031 (explaining that while pleadings and evidence "must be construed in a light most favorable to the nonmoving party," the nonmoving party cannot rely on speculation or conjecture to avoid summary judgment being entered against it but instead "must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial" (quoting *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992))). We therefore ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Nancy L. Allf, District Judge
     Janet Trost, Settlement Judge
     Zieve, Brodnax & Steele, LLP
     Mortenson & Rafie, LLP
     Eighth District Court Clerk