# IN THE SUPREME COURT OF THE STATE OF NEVADA

HSBC BANK, USA, N.A., A NATIONAL BANKING ASSOCIATION, AS TRUSTEE FOR SEQUOIA MORTGAGE TRUST 2007-3,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 71211



FILED

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; James Crockett, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant HSBC Bank challenges the relevant provisions in NRS Chapter 116, arguing that the statutory scheme violates its due process rights and authorizes an unconstitutional governmental taking of private property. This court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), forecloses those challenges.[1]

---

[1]We need not address HSBC's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d

17-43206

HSBC also argues that the district court erred in relying on *SFR Investments Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust), because *SFR* should be applied prospectively only. We disagree as explained in *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017).

Finally, HSBC argues that the district court erred in granting summary judgment based solely on the recitals in the trustee's deed of sale. Although NRS 116.31166 affords conclusive effect to certain recitals included in a trustee's deed, we have indicated that courts have the power "to grant equitable relief from a defective foreclosure sale when appropriate."[2] *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1110-11 (2016). Thus, where the trustee's deed includes the recitals made conclusive by operation of NRS 116.31166, the burden falls on the party challenging the foreclosure sale to demonstrate sufficient facts to justify setting it aside. *See id.* at 1112. HSBC suggests that the district court erred in granting summary judgment because respondent did not present evidence that the HOA foreclosed on the superpriority portion of its lien or just the subpriority portion of its lien or whether the superpriority portion of the lien (if any) had been satisfied before the sale. We disagree. By referring to delinquent assessments, the

---

408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

[2]Because the foreclosure sale occurred before October 1, 2015, the 2015 amendments to NRS 116.31166 do not apply. 2015 Nev. Stat., ch. 266, § 9(4), at 1349. All references to the statute are to the version in effect before those amendments.

foreclosure notices constituted prima facie evidence that the HOA's lien included monthly assessments. *Cf. SFR*, 130 Nev., Adv. Op. 75, 334 P.3d at 418 (observing that an HOA's lien generally will include monthly assessments). And, HSBC has not cited any authority, nor are we aware of any, that would support the proposition that it was respondent's burden to establish the absence of a tender. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). In any event, respondent pointed to evidence that neither HSBC nor the homeowner made any payments to satisfy the HOA lien before the foreclosure sale.

HSBC further argues the district court erred as a matter of law because the purchase price was grossly inadequate. Contrary to HSBC's assertions, this court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale, and *Shadow Wood* did not change course. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression, *id.* at 10-11, although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16. Because HSBC could not avoid summary judgment based solely on the alleged inadequacy of the purchase price, the district court did not err in refusing to determine whether the purchase price was adequate, inadequate or grossly inadequate absent evidence of fraud, oppression or unfairness in the sale.

HSBC also takes issue with the district court's determination that there was no suggestion of fraud, oppression, or unfairness in the sale.

In particular, HSBC points to the following: (1) its loan servicing records do not include the required notices and (2) respondent was the only bidder at the foreclosure sale.[3] Although an allegation that the required notices were not received could rebut the recitals in the trustee's deed, respondent presented evidence indicating that the notices were mailed, including HSBC's responses to a request for admission and a copy of the Notice of Sale with an envelope addressed to National Default Servicing Corporation that was stamped received on October 7, 2011. And, HSBC did not offer an affidavit or other evidence supporting the allegation that respondent was the only bidder at the sale; in contrast, respondent provided the declaration of its agent who attended the sale representing that he never attended an HOA foreclosure sale where only one qualified bidder was present. We are not convinced that these allegations are sufficient to warrant setting aside an otherwise valid foreclosure sale.

Having considered the parties' arguments and the record, we conclude that the district court correctly determined that respondent was entitled to summary judgment. *See SFR Inv.*, 130 Nev., Adv. Op. 75, 334 P.3d at 419; *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The

---

[3]HSBC also points to the delay in conducting the foreclosure sale, which was noticed for October 26, 2011, but did not take place until July 11, 2012. We need not address the delay in the foreclosure sale, as it appears that HSBC raised it for the first time on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). But even if HSBC raised the delay below, we are not convinced that the mere fact that the sale was postponed suggests fraud or unfairness. In particular, NRS 116.31164 allows a sale to be postponed and HSBC presented no evidence that but for the delay it would have taken action to protect its interest or that the delay deterred bidders or devalued the property. *Cf. Orcilla v. Big Sur, Inc.*, 198 Cal. Rptr. 3d 715, 731 (Ct. App. 2016) (addressing change in date of foreclosure sale as insufficient to set aside mortgage foreclosure sale).

substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."); *id.* at 732, 121 P.3d at 1031 (explaining that while pleadings and evidence "must be construed in a light most favorable to the nonmoving party," the nonmoving party cannot rely on speculation or conjecture to avoid summary judgment being entered against it but instead "must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial" (quoting *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992))). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. James Crockett, District Judge
        Persi J. Mishel, Settlement Judge
        Wright, Finlay & Zak, LLP/Las Vegas
        Kim Gilbert Ebron
        Eighth District Court Clerk