# IN THE SUPREME COURT OF THE STATE OF NEVADA

FERRELL STREET TRUST,
Appellant,
vs.
BANK OF AMERICA, N.A.,
Respondent.

No. 69996

FILED

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____ DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

The district court granted summary judgment in favor of Bank of America, concluding that federal mortgage insurance programs preempt NRS Chapter 116's lien foreclosure statutes such that the foreclosure sale in this case did not extinguish respondent's deed of trust. The district court's decision is contrary to this court's subsequent opinion in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017), and as such, the district court's basis for granting summary judgment was erroneous. Nor can we affirm based on Bank of America's argument that NRS Chapter 116's lien foreclosure scheme violates due process, as this court rejected that argument in *Saticoy Bay LLC Series 350 Durango 104 v.*

17-43282

*Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017).[1] Accordingly, reversal is warranted.

Appellant contends that it is entitled to summary judgment on its countermotion, which was based on the recitals in the trustee's deed upon sale and on appellant's putative status as a bona fide purchaser. These contentions fail in light of *Shadow Wood Homeowners Association v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105 (2016). With respect to the deed recitals, *Shadow Wood* explained that the conclusive effect of recitals included in a trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief if the sale is affected by fraud, unfairness, or oppression. *Id.* at 1109-12; *see also Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that although inadequate price alone is insufficient to set aside a foreclosure sale, inadequate price combined with fraud, unfairness, or oppression may be sufficient). With respect to appellant's putative status as a bona fide purchaser, *Shadow Wood* explained that such putative status is simply one

_____

[1]We need not address Bank of America's argument that NRS 116.311 6 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that the notice of default and notice of sale be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

of "the entirety of the circumstances that bear upon the equities" that a court must consider in granting equitable quiet title relief. 366 P.3d at 1114. The district court did not consider these fact-driven issues, and we decline to do so in the first instance. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Timothy C. Williams, District Judge
Janet Trost, Settlement Judge
Law Offices of Michael F. Bohn, Ltd.
Ayon Law, PLLC
Akerman LLP/Las Vegas
Eighth District Court Clerk