# IN THE SUPREME COURT OF THE STATE OF NEVADA

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, D/B/A FANNIE MAE, A
GOVERNMENT SPONSORED ENTITY,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 68495



FILED

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Fannie Mae challenges the relevant provisions of NRS Chapter 116, arguing that the statutory scheme violates its due process rights. This court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), forecloses that challenge.[1]

---

[1]We need not address Fannie Mae's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J.,

17-43188

Fannie Mae also argues that respondent failed to produce prima facie evidence showing that the HOA's foreclosure extinguished the deed of trust. We disagree. By referring to delinquent assessments, the foreclosure notices constituted prima facie evidence that the HOA's lien included monthly assessments. *Cf. SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014) (observing that an HOA's lien generally will include monthly assessments). Because NRS Chapter 116 envisions an HOA adopting a periodic budget as a prerequisite for imposing monthly assessments, *see* NRS 116.3115(1); NRS 116.31151(3), we conclude that the foreclosure notices themselves and the post-sale foreclosure deed were prima facie evidence that the HOA had adopted a periodic budget and, by necessary implication, that the foreclosed-upon lien included monthly assessments.[2] *Cuzze v. Univ. & Cmty. College Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) ("If the moving party will bear the burden of persuasion, that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence."). Additionally, respondent produced evidence showing that the

dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting). Additionally, we disagree with Fannie Mae's constitutional challenge to the content of the foreclosure notices. As explained below, the notices' references to delinquent assessments fairly apprised Fannie Mae's predecessor that the HOA's lien was comprised of monthly assessments such that foreclosure of the lien would extinguish the deed of trust.

[2]We decline to address Fannie Mae's arguments, raised for the first time on appeal, that respondent's deed was ambiguous and that an HOA may choose to foreclose on only the subpriority portion of its lien if the superpriority portion has not been satisfied. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

notice of sale was mailed to Fannie Mae's predecessor, meaning that respondent did not need to rely on the deed recitals to make a prima facie showing of this fact. *Id.* Lastly, the contents of the foreclosure notices, combined with the absence of any objection by the HOA when it received those notices, constituted prima facie evidence that the HOA authorized its agent to conduct the sale.[3] *Id.*; *cf.* Restatement (Third) of Agency §§ 4.01-4.03 (2006) (recognizing that a principal may ratify the acts of a person purporting to act on the principal's behalf by manifesting assent to those acts).

Fannie Mae further asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16, Fannie Mae did not offer any evidence other than the inadequacy of the purchase price.

---

[3]We disagree with Fannie Mae's suggestion that it produced evidence contradicting the agent's authority, as it is unreasonable to infer from the relied-upon evidence that the HOA did not authorize its agent to conduct the sale. *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (requiring inferences drawn from evidence to be reasonable).

SUPREME COURT
OF
NEVADA

(O) 1947A

Therefore, the district court correctly determined that respondent was entitled to summary judgment on its quiet title claim.[4] *See SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust); *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016) (explaining that conclusive effect of recitals included in trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief but that party challenging the sale must set forth grounds for such relief); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. James Crockett, District Judge
Brooks Hubley LLP
Kim Gilbert Ebron
Eighth District Court Clerk

---

[4]Because Fannie Mae did not demonstrate sufficient grounds to justify setting aside the foreclosure sale, we need not address respondent's putative status as a bona fide purchaser.