# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHASE HOME FINANCE LLC,
Appellant,
vs.
10224 BLACK FRIAR CT TRUST,
Respondent.

No. 69040



FILED

DEC 4 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Chase Home Finance challenges the relevant provisions in NRS Chapter 116, arguing that federal mortgage insurance programs preempt the statutory scheme and that the statutory scheme violates its due process rights. This court's decisions in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017) (rejecting preemption argument), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017) (rejecting due process challenge), foreclose those challenges.[1]

---

[1]We need not address Chase's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that the notice of default and notice of sale be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank,*

17-43195

Chase also argues that respondent failed to produce evidence showing that the HOA's foreclosure extinguished the deed of trust. We disagree. By referring to delinquent assessments, the foreclosure notices constituted prima facie evidence that the HOA's lien included monthly assessments. *Cf. SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014) (observing that an HOA's lien generally will include monthly assessments). Specifically, because NRS Chapter 116 envisions an HOA adopting a periodic budget as a prerequisite for imposing monthly assessments, *see* NRS 116.3115(1); NRS 116.31151(3), the Notice of Delinquent Assessment Lien constituted prima facie evidence that the HOA had, in fact, adopted a periodic budget. Additionally, the February 2012 Notice of Default expressly stated that the former homeowners had not paid their HOA dues since May 2011, which demonstrates that the HOA's lien included nine months of assessments. *Cuzze v. Univ. & Cmty. College Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) ("If the moving party will bear the burden of persuasion, that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence."). Additionally, respondent produced evidence showing that the notice of default and notice of sale were mailed to Chase, meaning that respondent did not need to rely on the deed recitals to make a prima facie showing of this fact.[2] *Id.* Lastly,

---

*N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

[2]We note that the record also contains uncontroverted evidence that Chase did in fact receive the notice of sale.

the contents of the foreclosure notices, combined with the absence of any objection by the HOA when it received those notices, constituted prima facie evidence that the HOA authorized its agent to conduct the sale.[3] *Id.; cf.* Restatement (Third) of Agency §§ 4.01-4.03 (2006) (recognizing that a principal may ratify the acts of a person purporting to act on the principal's behalf by manifesting assent to those acts).

Chase further asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16, Chase did not offer any evidence other than the inadequacy of the purchase price.[4] Therefore, the district court correctly

---

[3]Chase also suggests that respondent "failed to provide any evidence or even assert that no other entity or individual paid off the superpriority lien prior to the HOA sale." However, Chase has not cited any authority, nor are we aware of any, that would support the proposition that it was respondent's burden to establish the absence of a tender. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

[4]Chase mentions that "the district court granted judgment in favor of [respondent] without giving Chase any opportunity to explore whether the HOA did, in fact, comply with Nevada law." We note, however, that the

determined that respondent was entitled to summary judgment on its quiet title claim. *See SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust); *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016) (explaining that conclusive effect of recitals included in trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief but that party challenging the sale must set forth grounds for such relief); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Stiglich

cc:   Hon. Mark R. Denton, District Judge
      John Walter Boyer, Settlement Judge
      Smith Larsen & Wixom
      Law Offices of Michael F. Bohn, Ltd.
      Eighth District Court Clerk

district court granted Chase's request for an NRCP 56(f) continuance and that Chase has not further elaborated on what additional discovery it believes the district court should have permitted it to conduct.