Dissent by Judge WALLACE
OPINION
D.W. NELSON, Circuit Judge:
Nevada Revised Statutes section 116.3116 et seq. (the Statute)[1] strips a mortgage lender of its first deed of trust when a homeowners’ association forecloses on the property based on delinquent homeowners’ association (HOA) dues. Before it was amended, it did so without regard for whether the first deed of trust was recorded before the HOA dues became delinquent, and critically, without requiring actual notice to the lender that the homeowners’ association intends to foreclose.
We hold that the Statute’s “opt-in” notice scheme, which required a homeowners’ association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender’s constitutional due process rights under the Fourteenth Amendment to the Federal Constitution. We therefore vacate the district court’s judgment and remand for proceedings consistent with this opinion.
BACKGROUND
This case arises out of an action to quiet title to real property located at 410 Horse Pointe Avenue (the Property) purchased at a homeowners’ association foreclosure auction in North Las Vegas, Nevada.
Renee Johnson, the original homeowner, purchased the Property in 2001 with a loan for $174,000 from Plaza Home Mortgage, Inc. (Plaza). The Property is part of a planned development governed by the Parks Homeowners’ Association (Parks). Plaza recorded a deed of trust securing a note on the property, and Appellant Wells Fargo was assigned all beneficial interest in the note and deed of trust in February 2011.
Johnson fell behind on payments for her HOA dues, and Parks recorded a Notice of Delinquent Assessment Lien on August 30, 2011. The total amount due was $1,298.57. On October 12, 2011, Parks recorded a Notice of Default and Election to Sell. On April 9, 2012, Parks recorded a Notice of Trustee/Foreclosure Sale against the Property.
On May 22, 2012, a Trustee’s Deed Upon Sale was recorded, reflecting that Horse Pointe Avenue Trust paid $4,145 at the homeowners’ association foreclosure sale. Horse Pointe Avenue Trust conveyed its interest in the Property to Appellee Bourne Valley Court Trust (Bourne Valley).
Bourne Valley filed an action to quiet title in Nevada state court. The action was removed to the federal district court for the District of Nevada pursuant to 28 U.S.C. § 1441. The district court granted summary judgment for Bourne Valley.
The district court’s ruling was based largely on the Nevada Supreme Court’s decision in SFR Investments Pool 1 v. US. Bank, 334 P.3d 408 (Nev. 2014). There, the Nevada Supreme Court interpreted the Statute to give a homeowners’ association *1157 a “super priority” lien on an individual homeowner’s property for up to nine months of unpaid HOA dues. Id. at 419. As the Nevada Supreme Court interpreted the Statute, the foreclosure of a homeowners’ association “super priority” lien extinguished all junior interests in the property, including even a mortgage lender’s first deed of trust. Thus, following the Nevada Supreme Court’s interpretation of the Statute, the district court held that Parks’s foreclosure extinguished Wells Fargo’s interest in the Property.
Wells Fargo timely appealed.
JURISDICTION AND STANDARD OF REVIEW
The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.
We review a district court’s order granting summary judgment de novo. Fed. Deposit Ins. Corp. v. New Hampshire Ins. Co., 953 F.2d 478, 485 (9th Cir. 1991).
ANALYSIS
I. The Statute was facially unconstitutional.
Before explaining why the Statute’s notice scheme rendered the Statute unconstitutional, we first review how the Statute would have otherwise permitted a homeowners’ association lien foreclosure to extinguish a mortgage lender’s first deed of trust.
Section 116.3116(2) set forth the priority of the homeowners’ association lien with respect to other liens. Pursuant to that section, a homeowners’ association lien took priority over all other liens except:
(a)Liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and eneum-brances which the association creates, assumes or takes subject to;
(b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent ...; and
(c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.
Thus, section 116.3116(2)(b) ordinarily made a first deed of trust superior to a homeowners’ association hen. However, section 116.3116(2) gave “super priority” to the portion of a homeowners’ association’s lien for dues owed in the 9 months immediately proceeding an action to enforce the lien:
The lien is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments ... which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien....
Nev. Rev. Stat. § 116.3112(2)(c).
In SFR Investments, the Nevada Supreme Court held that foreclosure of a “super priority” lien under section 116.3116(2) extinguished all junior interests, including a first deed of trust. 334 P.3d at 410-14. As noted, the district court relied on SFR Investments in concluding that Parks’s lien foreclosure extinguished Wells Fargo’s interest in the Property. The district court explained that because Bourne Valley had shown that the required statutory notices were sent, and because Wells Fargo did not present evidence that it did not receive notice,[2] Wells *1158 Fargo’s due process challenge failed. The district court did not address whether the Statute’s notice scheme was facially unconstitutional.[3] We turn to that question now.
A. The Statute impermissibly shifted the burden to mortgage lenders, requiring them to affirmatively request notice.
Before its amendment, the Statute employed a peculiar scheme for providing mortgage lenders with notice that a homeowners’ association intended to foreclose on a lien. Even though such foreclosure forever extinguished the mortgage lenders’ property rights, the Statute contained “opt-in” provisions requiring that notice be given only when it had already been requested. See, e.g., Nev. Rev. Stat. § 116.31163(2) (requiring notice of default and election to sell be mailed to “any holder of a security interest encumbering the unit’s owner’s interest who has notified the association, 30 days before the recordation of the notice of default, of the security interest”). Thus, despite that only the homeowners’ association knew when and to what extent a homeowner had defaulted on her dues, the burden was on the mortgage lender to ask the homeowners’ association to please keep it in the loop regarding the homeowners’ association’s foreclosure plans. How the mortgage lender, which likely had no relationship with the homeowners’ association, should have known to ask is anybody’s guess, and indeed Bourne Valley offers no arguments here. But this system was not just strange; in our view, it was also unconstitutional.
Before it takes an action that will adversely “affect an interest in life, liberty, or property ..., a State must provide ‘notice reasonably calculated, .under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.’ ” Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Moreover, “[njotice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable.” Id. at 800, 103 S.Ct. 2706 (emphasis in original).
We have never addressed the constitutionality of an “opt-in” notice scheme like the one provided for in the Statute. Another court of appeals has, finding that “opt-in” notice does not pass muster.
In Small Engine Shop, Inc. v. Cascio, the Fifth Circuit Court of Appeals concluded that an “opt-in” notice clause contained in Louisiana’s real property foreclosure statute could not satisfy due process requirements. 878 F.2d 883 (5th Cir. 1989). The clause .at issue provided that actual notice of seizure of real property was required for only those who requested it. Citing Mennonite, the court explained that it would be unconstitutional for the state by statute to “prospectively shift the entire burden of ensuring adequate notice to an interested property owner regardless of the circumstances.” Id. at 884 (citing Mennonite, 462 U.S. at 797, 103 S.Ct. 2706). *1159 The Statute we address here is similar. Like the provision at issue in Small Engine Shop, the Statute shifted the burden of ensuring adequate notice from the foreclosing homeowners’ association to a mortgage lender. It did so without regard for: (1) whether the mortgage lender was aware that the homeowner had defaulted on her dues to the homeowners’ association, (2) whether the mortgage lender’s interest had 'been recorded such that it would have been easily discoverable through a title search, or (3) whether the homeowners’ association had made any effort whatsoever to contact the mortgage lender. In our view, such a scheme was not constitutional.
Bourne Valley argues that Nevada Revised Statutes section 107.090 should be read into the Statute and that its provisions cure the deficiency we have identified. We disagree.
Section 107.090 governs the notice required for the default and sale of a deed of trust. Subsection 107.090(3) requires the trustee or person authorized to record the notice of default to send a copy of the notice by registered or certified mail to each “person with an interest whose interest or claimed interest is subordinate to the deed of trust.” Nev. Rev. Stat. § 107.090(3)(b).
Bourne Valley argues that Nevada Revised Statute section 116.31168(1), which incorporated section 107.090, mandated actual notice to mortgage lenders whose rights are subordinate to a homeowners’ association super priority lien. Section 116.31168(1) stated, “[t]he provisions of NRS 107.090 apply to the foreclosure of an association’s lien as if a deed of trust were being foreclosed.” According to Bourne Valley, this incorporation of section 107.090 means that foreclosing homeowners’ associations were required to provide notice to mortgage lenders even absent a request.
Bourne Valley’s preferred reading would impermissibly render the express notice provisions of Chapter 116 entirely superfluous. See S. Nev. Homebuilders Ass’n v. Clark County, 121 Nev. 446, 117 P.3d 171, 173 (2005) (a statute must be interpreted “in a way that would not render words or phrases superfluous or make a provision nugatory”) (internal quotation marks omitted). In particular, section 116.31163 and section 116.31165 required any secured creditor to request notice of default from a homeowners’ association before the homeowners’ association had any obligation to provide such notice. If section 116.31168(l)’s incorporation of section 107.090 were to have required homeowners’ associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have béen meaningless. We reject Bourne Valley’s argument.[4]
B. The “state action” requirement is satisfied.
Bourne Valley’s strongest argument is that there has been no “state action” for purposes of constitutional due process.
We think the “state action” requirement has been met. A “state action requires both an alleged constitutional de *1160 privation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and that the party charged with the deprivation must be a person who may fairly be said to be a state actor.” Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (internal quotation marks and citation omitted).
In this context, where the mortgage lender and the homeowners’ association had no preexisting relationship, the Nevada Legislature’s enactment of the Statute is a “state action.” It is true, as Bourne Valley contends, that the foreclosure sale itself is a private action. And we acknowledge that there is no state action here that “encourages” or “compels” a homeowners’ association to foreclose on a property. Apao v. Bank of New York, 324 F.3d 1091, 1094 (9th Cir. 2003).
But that the foreclosure sale itself is a private action is irrelevant to Wells Fargo’s due process argument. Rather than complaining about the foreclosure specifically, Wells Fargo contends — and we agree — that the enactment of the Statute unconstitutionally degraded its interest in the Property. Absent operation of the Statute, Wells Fargo would have, had a fully secured interest in the Property. A foreclosure by a homeowners’ association would not have extinguished Wells Fargo’s interest. But with the Statute in place, Wells Fargo’s interest was not secured. Instead, if a homeowners’ association foreclosed on a lien for unpaid dues, Wells Fargo would forfeit all of its rights in the Property. In our view, the “state action” requirement is satisfied.
Bourne Valley’s reliance on Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978) and Charmicor, Inc. v. Deaner, 572 F.2d 694 (9th Cir. 1978) is misplaced. Both of those cases addressed the “state action” requirement and found that it was not met where a private creditor enforced its contractual rights. But unlike in this case, in each of those cases, the parties had a preexisting contractual relationship as creditor and debtor. See Flagg Bros., Inc., 436 U.S. at 153, 98 S.Ct. 1729 (noting parties’ contractual relationship); Charmicor, 572 F.2d at 695 (noting that nonjudicial foreclosure statute conferred power of sale to trustee after breach of the “underlying obligation” by the debtor). The creditors’ authority to extinguish the debtors’ property rights arose out of the parties’ contractual relationships. Here, Wells Fargo and the foreclosing homeowners’ association had no preexisting relationship, contractual or otherwise. Indeed, it is unclear if they were even aware of each other’s existence. Thus, in contrast to the creditors in Flagg Brothers and Charmicor, the homeowners’ association’s ability to extinguish Wells Fargo’s interest in the Property arose directly and exclusively from the Statute.
CONCLUSION
Nevada .Revised Statutes section 116.3116’s “opt-in” notice scheme facially violated mortgage lenders’ constitutional due process rights. We therefore VACATE the district court’s judgment and remand for proceedings consistent with this opinion.
VACATED and REMANDED.

. As discussed below, the Nevada Legislature recently amended the Statute. See infra footnote 4. Unless otherwise stated, all references to the Statute are to the unamended version, which all parties agree applies to this action.

. We note the practical difficulty Wells Fargo or any mortgage lender faces in trying to prove that it did not receive notice. See Elkins v. United States, 364 U.S. 206, 218, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960) ("[A]s a practical matter it is never easy to prove a negative.”).

. We do not fault the district court for this omission. Wells Fargo’s due process challenge has evolved in this case. While it apparently made only an as-applied challenge before the district court, it raises a facial challenge on appeal. Nevertheless, Bourne Valley does not argue that Wells Fargo waived any facial challenge, and it is "well-established that a party can waive waiver." Norwood v. Vance, 591 F.3d 1062, 1068 (9th Cir. 2009) (internal quotation marks and citations omitted).

. The Nevada Legislature recently amended the Statute, requiring homeowners’ associations to provide holders of first deeds of trust (and all others with recorded interests) with notice of default and notice of sale even when notice has not been requested. S.B. 306 (Nev. 2015). Such amendment provides further evidence that the version of the Statute applicable in this action did not require notice unless it was requested. If the^ Statute already required homeowners’ associations affirmatively to provide notice, there would have been no need for the amendment.