# IN THE SUPREME COURT OF THE STATE OF NEVADA

LN MANAGEMENT LLC SERIES 877
VERANDA VIEW,
Appellant,
vs.
WELLS FARGO BANK, N.A.,
Respondent.

No. 69266

FILED

MAR 17 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court order granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

The district court granted respondent's NRCP 12(b)(5) motion to dismiss appellant's complaint, concluding that the HOA's foreclosure of its lien did not extinguish respondent's deed of trust because NRS Chapter 116's statutory scheme authorizing the foreclosure violated the due process clauses of the United States and Nevada Constitutions. This court rejected a similar argument in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), because there is no state action, which requires reversal of the district court's summary judgment order.[1] Thus, the district court's ruling was

---

[1]In this case, there is no evidence in the record to suggest that respondent did not actually receive the notice of default and notice of sale, and appellant maintains, citing the deed's recitals, that, in fact, respondent did receive actual notice. If respondent in fact received actual notice, resolving the case based on a facial challenge was inappropriate. *See SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014) (indicating that NRS 116.31168 (2013) incorporates NRS 107.090 (2013), which requires the notices to be sent to a deed of trust beneficiary); *Bourne Valley Court Trust v. Wells Fargo*

*continued on next page...*

based on an erroneous interpretation of the controlling law and NRCP 12(b)(5) dismissal was improper. The district court did not address respondent's additional arguments in support of invalidating the sale, and to the extent that those arguments were not rejected in *Saticoy Bay*, we decline to address them in the first instance.[2] Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Ronald J. Israel, District Judge
     Kerry P. Faughnan
     Snell & Wilmer, LLP/Las Vegas
     Eighth District Court Clerk

---

*...continued*
*Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting) (to similar effect).

[2]We need not consider appellant's second argument in its opening brief because that argument is moot in light of this disposition.