# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS DEVELOPMENT GROUP, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
WELLS FARGO FINANCIAL NEVADA 2, INC., A NEVADA CORPORATION; AND QUALITY LOAN SERVICE CORPORATION, A CALIFORNIA CORPORATION,
Respondents.

No. 68991

FILED

MAR 17 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF VACATING AND REMANDING

This is an appeal from a district court order, certified as final under NRCP 54(b), granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

The district court granted respondents' NRCP 12(b)(5) motion to dismiss appellant's complaint, concluding that the HOA's foreclosure of its lien did not extinguish Wells Fargo's deed of trust because NRS Chapter 116's statutory scheme authorizing the foreclosure violated the due process clauses of the United States and Nevada Constitutions. This court rejected a similar argument in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), because there is no state action, which requires reversal of the district court's summary judgment order.[1] Thus, the district court's ruling

---

[1]In this case, there is no evidence in the record to suggest that respondents did not actually receive the notice of default and notice of sale, and appellant maintains, citing the deed's recitals, that, in fact, respondents did receive actual notice. If respondents in fact received
*continued on next page...*

17-09059

was based on an erroneous interpretation of the controlling law and NRCP 12(b)(5) dismissal was improper. The district court did not address respondents' additional arguments in support of invalidating the sale, and to the extent that those arguments were not rejected in *Saticoy Bay*, we decline to address them in the first instance.[2] Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____ J.　　　　_____, J.
Gibbons　　　　　　　　　　　　　Pickering

cc:　Hon. Kenneth C. Cory, District Judge
　　Roger P. Croteau & Associates, Ltd.
　　Snell & Wilmer, LLP/Las Vegas
　　McCarthy & Holthus, LLP/Las Vegas
　　Eighth District Court Clerk

---

*...continued*
actual notice, resolving the case based on a facial challenge was inappropriate. *See SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014) (indicating that NRS 116.31168 (2013) incorporates NRS 107.090 (2013), which requires the notices to be sent to a deed of trust beneficiary); *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting) (to similar effect).

[2]We likewise decline to consider in the first instance whether dismissal of appellant's claims other than its quiet title claim was appropriate.