# IN THE SUPREME COURT OF THE STATE OF NEVADA

HOLM INTERNATIONAL PROPERTIES, LLC, A UTAH LIMITED LIABILITY COMPANY REGISTERED AS A FOREIGN LIMITED LIABILITY COMPANY IN NEVADA,
Appellant,
vs.
THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK,
Respondent.

No. 68725

FILED

MAR 17 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order, certified as final under NRCP 54(b), granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

The district court granted respondent's NRCP 12(b)(5) motion to dismiss appellant's complaint, concluding that the HOA's foreclosure of its lien did not extinguish respondent's deed of trust because NRS Chapter 116's statutory scheme authorizing the foreclosure violated the due process clauses of the United States and Nevada Constitutions. This court rejected a similar argument in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), because there is no state action, which requires reversal of the district

court's summary judgment order.[1] Thus, the district court's ruling was based on an erroneous interpretation of the controlling law and NRCP 12(b)(5) dismissal was improper. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Ronald J. Israel, District Judge
       Mortenson & Rafie, LLP
       Wright, Finlay & Zak, LLP/Las Vegas
       Eighth District Court Clerk

---

[1]In this case, there is no evidence in the record to suggest that respondent did not actually receive the notice of default and notice of sale, and appellant maintains, citing the deed's recitals, that, in fact, respondent did receive actual notice. If respondent in fact received actual notice, resolving the case based on a facial challenge was inappropriate. *See SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014) (indicating that NRS 116.31168 (2013) incorporates NRS 107.090 (2013), which requires the notices to be sent to a deed of trust beneficiary); *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting) (to similar effect).