# IN THE SUPREME COURT OF THE STATE OF NEVADA

G & P INVESTMENT ENTERPRISES, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., A DELAWARE CORPORATION; AND NATIONSTAR MORTGAGE, LLC, A DELAWARE LIMITED LIABILITY COMPANY,
Respondents.

No. 68842

FILED

MAR 17 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER VACATING AND REMANDING*

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

The district court granted summary judgment for respondents, concluding that the HOA's foreclosure of its lien did not extinguish Nationstar Mortgage's deed of trust because NRS Chapter 116's statutory scheme authorizing the foreclosure violated the due process clauses of the United States and Nevada Constitutions. This court rejected a similar argument in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), because there is no state action, which requires reversal of the district court's summary judgment order.[1] Thus, the district court's judgment was based on an

---

[1]In this case, there is no evidence in the record to suggest that respondents did not actually receive the notice of default and notice of sale, and appellant maintains, citing the deed's recitals, that, in fact,
*continued on next page...*

17-09060

erroneous interpretation of the controlling law and summary judgment in favor of respondents was improper. The district court did not address respondents' additional arguments in support of invalidating the sale, and we decline to do so in the first instance.[2] Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____ J.
Gibbons

_____, J.
Pickering

cc: Hon. Kathleen E. Delaney, District Judge
Greene Infuso, LLP
Akerman LLP/Las Vegas
Eighth District Court Clerk

---

...*continued*

respondents did receive actual notice. If respondents in fact received actual notice, resolving the case based on a facial challenge was inappropriate. *See SFR Investments Pool 1, LLC v. U.S. Bank, N.A.,* 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014) (indicating that NRS 116.31168 (2013) incorporates NRS 107.090 (2013), which requires the notices to be sent to a deed of trust beneficiary); *Bourne Valley Court Trust v. Wells Fargo Bank, NA,* 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting) (to similar effect).

[2]We reject appellant's suggestion that it is entitled to summary judgment based solely on the recitals in the trustee's deed. *See Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp., Inc.,* 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016) (rejecting the same argument).