# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22, A FOREIGN TRUSTEE,
Appellant,
vs.
FORT APACHE HOMES, INC., A NEVADA CORPORATION,
Respondent.

No. 69584

**FILED**

APR 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Viouney
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

In granting summary judgment, the district court determined that the recitals in respondent's deed were conclusive proof that the HOA foreclosure sale extinguished appellant's deed of trust. That determination is inconsistent with our opinion in *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1112-16 (2016), which held that courts retain

17-12346

equitable authority to set aside a foreclosure sale when the sale is affected by "fraud, unfairness, or oppression." Here, the record contains evidence, which appears to be undisputed, that appellant was not mailed the notice of sale. Accordingly, summary judgment was improper because this evidence could be sufficient to establish that the HOA foreclosure sale was affected by "fraud, unfairness, or oppression" so as to potentially justify setting aside the sale.[1] *See id.*; *Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (viewing the evidence in the light most favorable to the nonmoving party and recognizing that "[t]he substantive law controls which factual disputes are material").

Because *Shadow Wood* requires a court to "consider the entirety of the circumstances that bear upon the equities" in fashioning an equitable quiet title remedy, 132 Nev., Adv. Op. 5, 366 P.3d at 1114, we decline to consider in the first instance whether the failure to mail the notice of sale directly to appellant, in and of itself, could warrant setting aside the sale. Accordingly, we

---

[1]We disagree with appellant's argument that it should be entitled to summary judgment based on the contents of the notices. This court rejected a similar argument in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014), observing that an HOA's lien will generally be comprised of monthly assessments. Consistent with this observation, the notices in this case fairly apprised appellant that the HOA's lien was comprised of monthly assessments and, by implication, that those assessments were based on a periodic budget.

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Douglas Smith, District Judge
       Kathleen M. Paustian, Settlement Judge
       Zieve, Brodnax & Steele, LLP
       Maier Gutierrez Ayon, PLLC
       Eighth District Court Clerk

---

[2]In light of our opinion in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), appellant's due process argument lacks merit. We further note that, as this court observed in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, NRS 116.31168 (2013) incorporates NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).