# IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A.,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC,
Respondent.

No. 69476



FILED

DEC 14 20

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment in a quiet title action. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. Appellant Wells Fargo Bank challenges the district court's interlocutory order granting summary judgment in favor of respondent. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Wells Fargo challenges the relevant provisions in NRS Chapter 116, arguing that federal mortgage insurance programs preempt the statutory scheme and that the statutory scheme violates its due process rights and authorizes an unconstitutional governmental taking of private property. This court's decisions in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017) (rejecting preemption argument), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017) (rejecting due process and takings challenges), foreclose those challenges.[1]

---

[1]We need not address Wells Fargo's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the

17-43185

Wells Fargo also asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16, Wells Fargo does not point to any evidence other than the inadequacy of the purchase price. Therefore, the district court correctly determined that respondent was entitled to summary judgment. *See SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust); *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016) (explaining that conclusive effect of recitals included in a trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief but that the party

absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

challenging the sale must set forth grounds for such relief); *see also Wood,* 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc:    Hon. Linda Marie Bell, District Judge
Janet Trost, Settlement Judge
Snell & Wilmer LLP/Salt Lake City
Snell & Wilmer, LLP/Tucson
Snell & Wilmer, LLP/Las Vegas
Kim Gilbert Ebron
Eighth District Court Clerk