# IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A., A
DELAWARE CORPORATION,
Appellant,
vs.
NV EAGLES, LLC,
Respondent.

No. 68791

FILED

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Michael Villani, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Wells Fargo Bank challenges the relevant provisions in NRS Chapter 116, arguing that federal mortgage insurance programs preempt the statutory scheme and that the statutory scheme violates its due process rights and authorizes an unconstitutional governmental taking of private property. This court's decisions in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017) (rejecting preemption argument), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017) (rejecting due process and takings challenges), foreclose those challenges.[1]

---

[1] We need not address Wells Fargo's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974.

17-43204

Wells Fargo also asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16, Wells Fargo does not point to any evidence other than the inadequacy of the purchase price.

Finally, Wells Fargo argues that the district court erred in granting summary judgment because respondent failed to establish that the trustee complied with the statutory mailing and notice requirements. We disagree. NRS 116.31166 affords conclusive effect to certain recitals included in a trustee's deed.[2] Despite NRS 116.31166, we have indicated

Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

[2]Because the foreclosure sale occurred before October 1, 2015, the 2015 amendments to NRS 116.31166 do not apply. 2015 Nev. Stat., ch. 266,

that courts have the power "to grant equitable relief from a defective foreclosure sale when appropriate." *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1110-11 (2016). Thus, where the trustee's deed includes the recitals made conclusive by operation of NRS 116.31166, the burden falls on the party challenging the foreclosure sale to demonstrate sufficient facts to justify setting it aside. *See id.* at 1112. The district court's order indicates that it considered the equities but found against Wells Fargo because it offered no evidence to justify setting aside the foreclosure sale on equitable grounds.[3] On appeal, Wells Fargo points to the purchase price, which as indicated above is not sufficient standing alone. Wells Fargo also suggests that the outcome is unfair in that the statutory scheme allows "de minimis" HOA liens to wipe out larger secured interests. We are not convinced that this perceived unfairness warrants setting aside an otherwise valid foreclosure sale. Under the circumstances, the district court correctly determined that respondent was entitled to summary judgment. *See SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."); *id.* at 732, 121 P.3d at 1031 (explaining that while pleadings and evidence "must be construed in a light most favorable to the nonmoving

---

§ 9(4), at 1349. All references to the statute are to the version in effect before those amendments.

[3]The record also contains evidence that the notices were mailed to Wells Fargo.

party," the nonmoving party cannot rely on speculation or conjecture to avoid summary judgment being entered against it but instead "must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial" (quoting *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992))).[4] We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Michael Villani, District Judge
       Janet Trost, Settlement Judge
       Snell & Wilmer, LLP/Tucson
       Snell & Wilmer, LLP/Las Vegas
       The Wright Law Group
       Eighth District Court Clerk

---

[4]We decline Wells Fargo's invitation to revisit *SFR Investments* on the ground that it conflicts with public policy that favors providing homeowners with options to avoid foreclosure.