# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP, F/K/A
COUNTRYWIDE HOME LOANS, LP, A
NATIONAL ASSOCIATION,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 69349

FILED

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Yuczne
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Bank of America challenges the relevant provisions in NRS Chapter 116, arguing that federal mortgage insurance programs preempt the statutory scheme and that the statutory scheme violates its due process rights. This court's decisions in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017) (rejecting preemption argument), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017) (rejecting due process challenge), foreclose those challenges.[1]

---

[1]We need not address Bank of America's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the

17-43247

Bank of America also asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16, Bank of America does not point to any evidence other than the inadequacy of the purchase price. Therefore, the district court correctly determined that respondent was entitled to summary judgment on its quiet title claim. *See SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust); *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016) (explaining that conclusive effect of recitals included in A trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable

holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

relief but that the party challenging the sale must set forth grounds for such relief); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc:    Hon. Nancy L. Allf, District Judge
       Akerman LLP/Las Vegas
       Kim Gilbert Ebron
       Eighth District Court Clerk