# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A., A
NATIONAL ASSOCIATION,
Appellant,
vs.
583SC LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Respondent.

No. 69255



FILED

DEC 14 2017

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Bank of America challenges the relevant provisions of NRS Chapter 116, arguing that the statutory scheme violates its due process rights. This court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), forecloses that challenge.[1]

---

[1]We need not address Bank of America's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

Bank of America also asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16, we agree with the district court that Bank of America did not offer any evidence other than the inadequacy of the purchase price. In particular, we agree that Bank of America was not entitled to a trial based on Bank of America's expectation that the district court would not find Mr. McDonald to be credible. We also agree that Bank of America failed to produce evidence suggesting the HOA disregarded its interests. To the contrary, the record demonstrates that Bank of America received the statutorily required notices and that the HOA postponed the sale in an attempt to garner competitive bidding.

---

Additionally, we disagree with Bank of America's argument regarding the content of the foreclosure notices. This court rejected a similar argument in *SFR Investments*, observing that an HOA's lien will generally be comprised of monthly assessments. 130 Nev., Adv. Op. 75, 334 P.3d at 418. Consistent with this observation, the notices in this case fairly apprised Bank of America and prospective bidders that the HOA's lien was comprised of monthly assessments such that foreclosure of the lien would extinguish Bank of America's deed of trust.

SUPREME COURT
OF
NEVADA

(O) 1947A

Having considered the parties' arguments and the record, we conclude that the district court correctly determined that respondent was entitled to summary judgment on its quiet title claim.[2] *See SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust); *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016) (explaining that conclusive effect of recitals included in trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief but that party challenging the sale must set forth grounds for such relief); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Cherry

_____, J.
Hardesty

_____, J.
Stiglich

cc: Hon. Nancy L. Allf, District Judge
Akerman LLP/Las Vegas
Kemp, Jones & Coulthard, LLP
Eighth District Court Clerk

---

[2]Because Bank of America did not demonstrate sufficient grounds to justify setting aside the foreclosure sale, we need not address respondent's putative status as a bona fide purchaser.