**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| 7912 LIMBWOOD COURT TRUST, | No.   16-15263 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00506-APG-GWF |
| v. | |
| WELLS FARGO BANK, N.A.; FEDERAL HOME LOAN MORTGAGE CORPORATION, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted November 13, 2017
Pasadena, California

Before:  KOZINSKI, HAWKINS, and PARKER,[**] Circuit Judges.

Plaintiff 7912 Limbwood Court Trust ("Limbwood") appeals from a

judgment of the United States District Court for the District of Nevada. The court

below granted summary judgment in favor of Defendants Wells Fargo Bank, N.A.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

and Federal Home Loan Mortgage Corporation and dismissed Limbwood's complaint seeking quiet title. We affirm.

Limbwood contends that under Nevada Revised Statute § 116.3116 *et seq.* ("the Statute"), its purchase of real property for $5,100 at a non-judicial foreclosure sale [ER 433] grants it title to the property free of any encumbrances, including a $133,500 deed of trust held by Wells Fargo [ER 408] and subsequently acquired by Federal Home Loan Mortgage Corporation [ER 436-38]. In *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), this Court held the Statute to be facially unconstitutional. That successful challenge means that the law has no force or effect. *See Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). Therefore, the Statute could not operate to extinguish the first deed of trust.

**AFFIRMED.**