# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK, N.A.,
Appellant,
vs.
SATICOY BAY LLC SERIES 4952
MINERS RIDGE,
Respondent.

No. 71302

FILED

DEC 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER VACATING JUDGMENT AND REMANDING*

This is an appeal from a summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.

Appellant U.S. Bank asks us to reconsider the holding in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), that the statutory scheme for homeowners' association (HOA) foreclosure sales in NRS Chapter 116 does not implicate due process because there is no state action.[1] Relying on NRS 116.625, U.S. Bank asserts that the Ombudsman for Owners in Common-

---

[1]We need not address U.S. Bank's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

17-44289

Interest Communities and Condominium Hotels is a state actor and has extensive involvement in overseeing the actions of HOAs, including foreclosure sales. Assuming that the Ombudsman is a state actor, *see* NRS 116.625(2) (providing that the Ombudsman "is in the unclassified service of the State"), we disagree that the Ombudsman's duties under NRS 116.625(4) amount to state involvement in an HOA's nonjudicial foreclosure sale that implicates due process. We therefore decline to reconsider *Saticoy Bay*.

U.S. Bank also argues that the district court erred in relying on *SFR Investments Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of an HOA lien extinguishes a first deed of trust), because *SFR* should be applied prospectively only. We disagree as explained in *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017).

Finally, U.S. Bank argues that the district court erred in granting summary judgment without allowing U.S. Bank a continuance to conduct discovery related to equitable grounds to set aside the foreclosure sale. Based on language in the district court's order, we are concerned that the district court may have denied U.S. Bank's request for an NRCP 56(f) continuance and granted summary judgment based on the belief that the recitals in respondent's deed barred a post-sale challenge based on equitable grounds. In this respect, the district court did not have the benefit of our decisions in *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016) (explaining that conclusive effect of recitals included in a trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief but that the party challenging the sale must set forth grounds for such relief),

and *Nationstar Mortgage v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 5-10, 10 n.7, 405 P.3d 641 (2017) (holding that HOA real property foreclosure sales are not evaluated under a commercial reasonableness standard but that evidence relevant to commercial reasonableness "may sometimes be relevant to a fraud/unfairness/oppression inquiry" for purposes of an equitable challenge to the sale). We recognize that U.S. Bank's NRCP 56(f) declaration did not expressly ask to conduct discovery as to whether the sale was affected by fraud, unfairness, or oppression. But reading the declaration together with U.S. Bank's opposition to the summary judgment motion, we conclude that U.S. Bank sufficiently requested discovery on this issue. *See Nationstar*, 133 Nev., Adv. Op. at 10 n.7. Accordingly, we conclude that summary judgment may have been improper. We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. James Crockett, District Judge
Craig A. Hoppe, Settlement Judge
Tiffany & Bosco, P. A.
Law Offices of Michael F. Bohn, Ltd.
Eighth District Court Clerk