# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION,
Appellant,
vs.
RJRN HOLDINGS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 72212

FILED

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.[1]

Appellant U.S. Bank asks us to reconsider the holding in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), that the statutory scheme for homeowners' association (HOA) foreclosure sales in NRS Chapter 116 does not implicate due process because there is no state action.[2] Relying on NRS

---

[1] Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2] We need not address U.S. Bank's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Invs. Pool 1 v. U.S. Bank, N.A.*, 130 Nev. 742, 756, 334 P.3d 408, 418 (2014); *id.* at 762, 334 P.3d at 422 (Gibbons, C.J., dissenting);

18-10325

116.625, U.S. Bank asserts that the Ombudsman for Owners in Common-Interest Communities and Condominium Hotels is a state actor and has extensive involvement in overseeing the actions of HOAs, including foreclosure sales. Assuming the Ombudsman is a state actor, *see* NRS 116.625(2) (providing that the Ombudsman "is in the unclassified service of the State"), we disagree that the Ombudsman's duties under NRS 116.625(4) amount to state involvement in an HOA's nonjudicial foreclosure sale that implicates due process. We therefore decline to reconsider *Saticoy Bay*.

U.S. Bank next argues that the district court overlooked its proffered evidence of fraud, unfairness, or oppression that allegedly affected the sale. *Cf. Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent some element of fraud, unfairness, or oppression affecting the sale). As evidence of fraud, unfairness, or oppression, U.S. Bank identifies three alleged shortcomings with the foreclosure notices: (1) the notices indicated that the HOA's lien impermissibly contained collection costs, (2) the notices did not indicate that the superpriority component of the HOA's lien was being foreclosed or indicate the amount of the superpriority component, and (3) the notices did not refer to NRS Chapter 116.

We conclude that none of these three alleged shortcomings amount to fraud, unfairness, or oppression. With respect to U.S. Bank's first alleged shortcoming, the notices do not necessarily state that collection costs were part of the HOA's lien, but only that they were owed, and even if

_____

*see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

the HOA's foreclosed-upon lien did include collection costs, the lien still included assessments that were unpaid from January 2010 onward, meaning the foreclosure sale extinguished U.S. Bank's deed of trust. *Cf. SFR Invs. Pool 1, LLC v. U.S Bank, N.A.*, 130 Nev. 742, 758, 334 P.3d 408, 419 (2014) (observing that an HOA's proper foreclosure of a lien comprised of unpaid periodic assessments extinguishes a deed of trust). More importantly, U.S. Bank did not introduce evidence that it or its predecessor were somehow misled or prejudiced by the notices' inclusion of collection costs in the overall amount due such that there might be fraud, unfairness, or oppression. With respect to U.S. Bank's second and third alleged shortcomings, the applicable provisions of NRS Chapter 116 did not require the foreclosure notices to contain such information. *Cf. id.* at 757, 334 P.3d at 418 (observing that it was "appropriate" for the notices to state the total lien amount because they are sent to the homeowner and other junior lienholders). And as with its first alleged shortcoming, U.S. Bank did not introduce evidence that it or its predecessor were somehow misled or prejudiced by the notices' failure to include the additional information such that there might be fraud, unfairness, or oppression.[3]

U.S. Bank also argues that the district court erroneously denied U.S. Bank's countermotion for summary judgment. That argument fails for

---

[3]To the extent U.S. Bank was asking the district court to infer that U.S. Bank or its predecessor were misled or prejudiced by these three proffered shortcomings, we conclude that such an inference would have been unreasonable, as U.S. Bank presented no evidence whatsoever beyond the actual foreclosure notices to support such an inference. *See Wood*, 121 Nev. at 729, 732, 121 P.3d at 1029, 1031 (requiring inferences drawn from evidence to be reasonable and observing that a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the operative facts" (internal quotation omitted)).

SUPREME COURT
OF
NEVAOA

(O) 1947A

the same reasons given above. In light of our conclusion that U.S. Bank failed to introduce evidence that the sale was affected by fraud, unfairness, or oppression, the district court properly granted summary judgment in favor of respondent, *Nationstar Mortg.*, 133 Nev., Adv. Op. 91, 405 P.3d at 647-49; *Wood*, 121 Nev. at 729, 732, 121 P.3d at 1029, 1031, and we therefore need not address the parties' arguments regarding whether respondent's predecessor was a bona fide purchaser. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Nancy L. Allf, District Judge
Janet Trost, Settlement Judge
Tiffany & Bosco, P. A.
The Law Office of Mike Beede, PLLC
Eighth District Court Clerk