**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE E. HERNANDEZ, | No. 17-16134 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00369-MMD-CWH |
| v. | |
| INDYMAC BANK; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 11, 2018**

Before: SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Jose E. Hernandez appeals pro se from the district court's summary judgment in his diversity action alleging wrongful foreclosure. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1157 (9th Cir. 2016). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Hernandez failed to raise a genuine dispute of material fact as to whether defendant Quality Loan Service Corporation lacked authority to commence foreclosure proceedings on behalf of defendant Deutsche Bank by recording a notice of default. *See* Nev. Rev. Stat. § 107.080(2)(b) (as effective from Oct. 1, 2007 to June 30, 2009) (giving the beneficiary authority to execute and record a notice of default); *Simmons Self-Storage v. Rib Roof, Inc.*, 331 P.3d 850, 856 (Nev. 2014) (defining when an agent has actual authority).

Contrary to Hernandez's contention, the district court did not abuse its discretion in considering defendants' evidence on summary judgment. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773-74 (setting forth standard of review and discussing requirements for authentication of evidence on summary judgment).

The district court did not abuse its discretion in denying Hernandez's motion for reconsideration because Hernandez failed to establish any basis for relief. *See Carroll v. Nakatani*, 342 F.3d 934, 940, 945 (9th Cir. 2003) (standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)).

**AFFIRMED.**

17-16134