**Glenn W. BEVER, Plaintiff-Appellant,**

**v.**

**CITIMORTGAGE INC.; Mortgage Electronic Registration Systems, Inc., Defendants-Appellees.**

**No. 14-17225**

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 21, 2017

Glenn W. Bever, Pro Se

Lindsey Kress, Attorney, Regina J. McClendon, Attorney, Locke Lord LLP, San Francisco, CA, Jillian A. Benbow, Pite Duncan, LLP, San Diego, CA, for Defendants-Appellees

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Glenn W. Bever appeals pro se from the district court's summary judgment and dismissal orders in his action alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and state law foreclosure-related claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1157 (9th Cir. 2016) (summary judgment); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly granted summary judgment on Bever's claim under Cal. Civ. Code § 2923.5 because Bever failed to raise a genuine dispute of material fact as to whether CitiMortgage failed to comply with the foreclosure procedures imposed by the statute. *See* Cal. Civ. Code § 2923.5(g) (2011) (amended 2013) (setting forth requirements that must be satisfied before recording a notice of default).

The district court properly dismissed Bever's RESPA claim because Bever failed to allege facts sufficient to show that his inquiries required a response by the loan servicer. *See* 12 U.S.C. § 2605(e) (identifying service-related inquires that require a loan servicer to respond).

The district court properly dismissed Bever's remaining state law claims because Bever failed to state plausible claims for relief. *See Hebbe v. Pliler*, 627 F.3d at 341-342 (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Belasco v. Wells*, 234 Cal.App.4th 409, 183 Cal.Rptr.3d 840, 852 (2015) (elements of fraud claim under California law); *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 163 Cal.Rptr.3d 804, 835-36 (2013) (requirements for quiet title under California law); *Lectrodryer v. SeoulBank*, 77 77 Cal. App.4th 723, 91 Cal.Rptr.2d 881, 883 (2000) (elements of unjust enrichment claim under California law).

The district court did not abuse its discretion by requiring Bever to provide security as a prerequisite to granting his motion for preliminary injunction. *See Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (setting forth standard of review). We do not consider Bever's evidentiary objections related to the motion for preliminary injunction because the merits of the preliminary injunction have merged into the final judgment. *See Nationwide Biweekly Admin. v. Owen*, 873 F.3d 716, 730 (9th Cir. 2017) (applying merger doctrine when there is no need to reach the merits of a preliminary injunction).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court did not abuse its discretion by denying Bever's motions under Fed. R. Civ. P. 59(e) and 60(b) because Bever did not establish any grounds for relief. *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (setting forth standard of review and listing grounds warranting reconsideration under Rules 59(e) and 60(b)).

The district court did not abuse its discretion by denying Bever's motion for leave to amend because amendment would have caused an undue delay, been prejudicial to defendant, and been futile. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as meritless Bever's contentions regarding the scheduling order and judicial notice.

Upon further review, despite motions to stay the appeal filed by Cal-Western Reconveyance Corp., which were granted by this court, Cal-Western Reconveyance Corp. is not a party to this appeal.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument.