# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILMINGTON TRUST, N.A.,
SUCCESSOR TRUSTEE TO CITIBANK,
N.A., AS TRUSTEE FOR BEAR
STEARNS ALT-A TRUST 2006-4,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-4,
Appellant,
vs.
HOLM INTERNATIONAL
PROPERTIES, LLC, A UTAH LIMITED
LIABILITY COMPANY REGISTERED
AS A FOREIGN LIMITED LIABILITY
IN NEVADA,
Respondent.

No. 71737



FILED

DEC 22 2017



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Wilmington Trust challenges the relevant provisions of NRS Chapter 116, arguing that the statutory scheme violates its due process rights. This court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), forecloses that challenge, and we decline Wilmington Trust's invitation to overturn *Saticoy Bay*.[1] Additionally, Wilmington Trust's

---

[1]We need not address Wilmington Trust's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based

argument that *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014), should be applied only prospectively fails in light of this court's decision in *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017).

Wilmington Trust also asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, 405 P.3d 641 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Here, as evidence of fraud, unfairness, or oppression, Wilmington Trust identifies four issues: (1) the HOA attempted to procure a potential purchaser before the foreclosure sale; (2) the HOA's trustee did not announce at the auction that the HOA had decided to waive a portion of the amount due to it, thereby lowering the starting bid; (3) the foreclosure notices did not identify the superpriority

---

on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

lien amount; and (4) there was only one bid submitted at the auction after the HOA's opening bid.[2]

We agree with the district court that these issues do not raise an inference of fraud, unfairness, or oppression. First, the HOA's apparent attempt to procure a potential purchaser before the foreclosure sale did not prevent other potential bidders from attending the properly noticed and publicly held auction and submitting a higher bid than any purported predetermined bid amount.[3] Second, although the HOA's trustee testified it was "very unusual" for an HOA to waive a portion of the amount due so as to lower the starting bid, we are unable to reasonably infer anything fraudulent, unfair, or oppressive from the HOA's decision, as potential bidders could have simply bid up the sales price if they so chose. *See Wood*, 121 Nev. at 729, 121 P.3d at 1029 (requiring inferences drawn from evidence to be reasonable). Third, this court explained why it was appropriate for the foreclosure notices to not delineate a superpriority lien amount and further explained what a lender's options are upon receiving those notices in *SFR Investments*, 130 Nev., Adv. Op. 75, 334 P.3d at 418, and here, it is undisputed that Wilmington Trust's predecessors received the foreclosure notices and did nothing. Fourth, we are unable to reasonably infer anything fraudulent, unfair, or oppressive from the fact that respondent submitted

---

[2]We do not address Wilmington Trust's arguments regarding the oral postponement and the mortgage protection clause because those arguments were not coherently raised in the district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[3]We note that even after Wilmington Trust deposed respondent's NRCP 30(b)(6) witness, Wilmington Trust has not identified any evidence suggesting that respondent was the predetermined bidder.

the only bid, as the evidence shows that 21 other potential bidders attended the auction. *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

Thus, although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *Nationstar*, 133 Nev., Adv. Op. 91 at 15-16, we agree with the district court that Wilmington Trust did not offer any evidence other than the inadequacy of the purchase price. We therefore conclude that the district court correctly determined that respondent was entitled to summary judgment.[4] *See SFR Inv.*, 130 Nev., Adv. Op. 75, 334 P.3d at 419 (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."); *id.* at 732, 121 P.3d at 1031 (explaining that while pleadings and evidence "must be construed in a light most favorable to the nonmoving party," the nonmoving party cannot rely on speculation or conjecture to avoid summary judgment being entered against it but instead "must, by affidavit or otherwise, set forth specific facts demonstrating the

[4]We disagree with Wilmington Trust's argument that the foreclosure sale conveyed only the HOA's lien interest to respondent, as that is not a concept that is contemplated anywhere in NRS Chapter 116. *Cf. generally SFR Inv.*, 130 Nev., Adv. Op. 75, 334 P.3d at 410-19 (explaining the legal effect of an HOA foreclosure under NRS Chapter 116). In this respect, the evidence in the record, including the trustee's deed, demonstrates that the foreclosure sale was conducted pursuant to NRS 116.31162, 116.31163 and 116.31164, meaning that the sale "vest[ed] in the purchaser the title of the unit's owner." NRS 116.31166(3) (1993). We further note that Wilmington Trust's interpretation of the trustee's deed is at odds with the fact that the deed refers to the "previous owner" as the previous homeowners and not the HOA.

existence of a genuine issue for trial" (quoting *Bulbman, Inc. v. Nev. Bell,* 108 Nev. 105, 110, 825 P.2d 588, 591 (1992))). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich


cc:  Hon. Joseph Hardy, Jr., District Judge
John Walter Boyer, Settlement Judge
Ballard Spahr LLP
Ballard Spahr LLP/Salt Lake City
Mortenson & Rafie, LLP
Eighth District Court Clerk