# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILMINGTON TRUST, N.A.,
SUCCESSOR TRUSTEE TO CITIBANK,
N.A., AS TRUSTEE F/B/O HOLDERS
OF STRUCTURED ASSET MORTGAGE
INVESTMENTS II INC., BEAR
STEARNS ALT-A TRUST 2006-4,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-4,
Appellant,
vs.
LAS VEGAS RENTAL & REPAIR, LLC
SERIES 69, A NEVADA LIMITED
LIABILITY COMPANY,
Respondent.

No. 71885

FILED

DEC 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment following a bench trial in a judicial foreclosure and quiet title action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Appellant Wilmington Trust challenges the relevant provisions of NRS Chapter 116, arguing that the statutory scheme violates its due process rights. This court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), forecloses that challenge, and we decline to reconsider that decision.[1]

---

[1]We need not address Wilmington Trust's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based

17-44282

Wilmington Trust also argues that the district court should have set aside the sale based on the inadequacy of the purchase price.[2] This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg., LLC, v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 647-48. Here, as evidence of unfairness, Wilmington Trust contends that bidding at the foreclosure sale may have been chilled by virtue of the foreclosure notices referring to the HOA's CC&Rs, which contained a mortgage savings clause. However, the district court expressly determined that Wilmington Trust did not present any evidence that bidding was actually chilled or that Wilmington Trust was misled. Moreover, in light of Curtis Eddie's testimony regarding the varying dynamics of each particular foreclosure sale, we are not persuaded that the district court clearly erred in declining to infer that bid chilling had occurred

---

on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

[2]Wilmington Trust further argues in passing that the district court should have granted its motion for summary judgment. We decline to consider this argument as it is not properly briefed. *See* NRAP 28(e)(2) ("Parties shall not incorporate by reference briefs or memoranda of law submitted to the district court . . . .").

based only on the fact that 3 of 21 prospective bidders actually submitted bids at this sale.[3] *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (recognizing that this court will uphold a district court's factual findings so long as they are not clearly erroneous). Thus, we agree with the district court that Wilmington Trust did not offer any evidence other than the inadequacy of the purchase price. Therefore, the district court correctly declined to set aside the sale based on the purported inadequacy of the sales price. *Id.*; *Nationstar Mortg.*, 133 Nev., Adv. Op. 91, 405 P.3d at 647-49.

Lastly, Wilmington Trust argues that the district court erred in granting judgment for respondent without finding that the HOA possessed and foreclosed on a superpriority lien right. We agree with respondent that Wilmington Trust did not adequately preserve this argument for appeal because this argument was not coherently made in Wilmington Trust's summary judgment motion practice, its trial brief, or at trial such that the district court should have realized it needed to make a finding in this respect.[4] *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981,

---

[3]In this respect, we conclude that the facts of *ZYZZX2 v. Dizon*, No. 2:13-cv-1307, 2016 WL 1181666, at *5 (D. Nev. Mar. 25, 2016), are distinguishable and that *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987), does not dictate a different result to the extent that it is on point. We further note that to the extent that Wilmington Trust seeks to charge the prospective bidders with record notice of CC&Rs' mortgage savings clause, those bidders would have likewise been charged with notice of NRS 116.1104. *See SFR Invs.*, 130 Nev., Adv. Op. 75, 334 P.3d at 419 (recognizing that NRS 116.1104 invalidates such clauses).

[4]For the same reason, we decline to consider Wilmington Trust's argument that despite NRS 116.1104, an HOA may nevertheless choose to foreclose on only the subpriority portion of its lien when the superpriority portion has not been satisfied.

Supreme Court
of
Nevada

(0) 1947A

983 (1981). Wilmington Trust's reliance on the allegations in its complaint does not persuade us otherwise. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Susan Johnson, District Judge
Smith Larsen & Wixom
McCarthy & Holthus, LLP/Las Vegas
Clark Newberry Law Firm
Eighth District Court Clerk