# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR11; JP MORGAN CHASE BANK, NATIONAL ASSOCIATION; AND NATIONAL DEFAULT SERVICING COMPANY,
Appellants,
vs.
SATICOY BAY, LLC SERIES 11358 CEDAR LOG,
Respondent.

No. 73263



FILED

JUL 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellants challenge the relevant provisions of NRS Chapter 116, arguing that the statutory scheme violates their due process rights and is facially unconstitutional. Recognizing that this court rejected such a due process challenge in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), appellants ask

*18-28848*

us to overrule *Saticoy Bay* and hold that a nonjudicial foreclosure sale under NRS Chapter 116 involves state action. We decline to do so.[1]

Next, appellants contend that there are genuine issues of material fact that preclude summary judgment, namely, facts concerning the validity of the sale, the sufficiency of the sales price combined with the presence of fraud, unfairness, and/or oppression, respondent's status as a bona fide purchaser, and other equitable considerations. Based on appellant's "status as record title holder, and the statutory presumptions that the HOA's foreclosure sale complied with NRS Chapter 116's provisions," appellants carry the burden of demonstrating that the sale should be set aside. *Nationstar Mortgage v. Saticoy Bay, LLC*, 133 Nev., Adv. Op. 91, 405 P.3d at 643, 646 (2017) (citations omitted). Appellants contend that respondents are not entitled to the conclusive presumptions of a valid sale because the foreclosure deed was signed by a party without knowledge of the facts recited therein and because there was a defective granting clause in the foreclosure deed. We disagree. To the extent appellants argue that Pro Forma Lien & Foreclosure Services and Priority Posting & Publishing were unauthorized agents, appellants fail to cogently argue or provide relevant citation for this assertion, *see Edwards v.*

---

[1]We need not address appellants' argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Invs. Pool 1 v. U.S. Bank*, 130 Nev. 742, 756, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting) *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

*Emperor's Garden Rest.*, 122 Nev. 317, 330 n. 38, 130 P.3d 1280, 1288 n. 38 (2006), and to the contrary the Restatement (Third) of Agency §§ 1.01-4.03 (2006) recognizes that a principal may ratify the acts of a person purporting to act on the principal's behalf by manifesting assent to those acts. The HOA's failure to object to the actions of Pro Forma and Priority Posting constitute evidence that the HOA authorized their actions. In addition, to the extent appellants argue, as they did below, that the foreclosure deed solely transferred the HOA's interest in the property, the deed states that the HOA granted and conveyed "the real property"—and not just its interest in it—pursuant to its powers under NRS Chapter 116. Nothing in the foreclosure deed indicates that the HOA was limiting what it was conveying to its interest in the property.

Appellants contend that in consideration of the grossly low sale price, summary judgment was improper due to evidence of unfairness and oppression and the existence of irregularities in the foreclosure process that resulted in the low price. Although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *see Nationstar*, 133 Nev., Adv. Op. 91, 405 P.3d at 647-48, we agree with the district court that appellants failed to meet their burden of demonstrating that the sale was affected by fraud, oppression, or unfairness in order to defeat summary judgment. Appellants argue that unfairness exists because they did not receive the required notices as they were sent to the wrong addresses, thus rebutting the recitals in the trustee's deed, but respondent presented evidence indicating that the notices were mailed to the addresses required by NRS Chapter 116, including affidavits of mailing and certified mail receipts showing that the required notices were mailed to addresses for the property owner and appellants. Regarding

appellants' contention that the CC&Rs mandated that the notice of delinquent assessment be mailed to Chase and Deutsche Bank, the CC&Rs merely allowed, and did not require, that the notice be sent to the first mortgagee. The pertinent statutes require only that notice be mailed, not received, and because appellants have not meaningfully disputed respondent's proffered evidence showing notice of the sale was mailed, we are not persuaded that the failure to receive the notice presents a genuine issue of material fact to preclude summary judgment.

Appellants contend that summary judgment was improper due to additional equities. We disagree. An oral postponement of a foreclosure sale is allowed under NRS 116.31164(1), and appellants failed to provide evidence that the postponement reduced the sales price of the property. Regarding appellants' contention that the HOA induced lenders into financing purchase of the properties by falsely representing it would not seek to enforce its assessment liens, and that this tended to reduce the sales price of the property, the mortgage protection section of the CC&Rs, which allegedly induced lenders into financing properties, is an improper variance on the HOA's waiver rights. *See SFR Invs.*, 130 Nev. at 757, 334 P.3d at 418. Regardless, appellants fail to provide evidence that any such representation actually reduced the sales price. Similarly, appellants failed to provide evidence to support their assertion that respondent is a profit-hungry speculator that has already made a profit on its investment or cogent argument or citation to relevant authority supporting that this alleged investor status bears on the issue of whether the sale was affected by fraud, unfairness, or oppression, where the foreclosure sale complies with the statutory requirements. *SFR Invs.*, 130 Nev.742, 758, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of

 

a HOA's lien extinguishes a first deed of trust); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant.").

As we are not convinced that these allegations are sufficient to warrant setting aside an otherwise valid foreclosure sale, we conclude that the district court correctly determined that respondent was entitled to summary judgment. Therefore, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. James Crockett, District Judge
      Michael H. Singer, Settlement Judge
      Ballard Spahr LLP/Las Vegas
      Ballard Spahr LLP/Denver
      Law Offices of Michael F. Bohn, Ltd.
      Eighth District Court Clerk

---

[2]Because appellants did not demonstrate sufficient grounds to justify setting aside the foreclosure sale, we need not address respondent's putative status as a bona fide purchaser.

