NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK BERGSRUD, | No. 17-17181 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01592-RFB-GWF |
| v. | |
| BANK OF AMERICA, N.A., FKA Countrywide Home Loans Servicing LP, as Successor by merger to BAC Home Loans Servicing, LP; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted December 17, 2018**

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Patrick Bergsrud appeals from the district court's summary judgment in his

diversity action challenging a foreclosure sale.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Bourne Valley Court Tr. V. Wells Fargo*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Bank, NA*, 832 F.3d 1154, 1157 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendant Bank of America, N.A. on Bergsrud's claims to set aside the foreclosure sale and quiet title because Bergsrud filed this action after the statute of limitations to challenge procedural defects to the sale had run, and assuming without deciding that these deadlines were subject to equitable tolling, Bergsrud failed to establish that equitable tolling should apply. *See* Nev. Rev. Stat. § 107.080(5) and (6) (an action to void a trustee's sale must commence within 90 days of the date of the sale, or 120 days of the date of actual notice of the sale where the person entitled to notice did not receive proper notice); *City of N. Las Vegas v. State Local Gov't Emp.-Mgmt. Relations Bd.*, 261 P.3d 1071, 1077 (Nev. 2011) (standard under Nevada law for equitable tolling).

The district court properly granted summary judgment on Bergsrud's wrongful foreclosure claim because Bergsrud failed to raise a genuine dispute of material fact as to whether the property was not in default at the time of the foreclosure sale. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (1983) (elements of a wrongful foreclosure claim under Nevada law).

We do not consider matters raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v.*

*Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**