IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRP FUND IV, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND CORNERSTONE HOMEOWNERS ASSOCIATION,<br>Appellants,<br>vs.<br>BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, A DELAWARE CORPORATION,<br>Respondent. | No. 73669<br><br>FILED<br><br>APR 16 2020<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

*ORDER AFFIRMING IN PART,
REVERSING IN PART AND REMANDING*

This is an appeal from a district court judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

In its judgment following trial, the district court found that "NAS had a routine practice of rejecting and returning checks that Miles Bauer made for the purpose of satisfying the superpriority lien if the payment was for nine months' worth of regularly budgeted assessments" and that "if Miles Bauer had delivered NAS a check for the superpriority amount in May 2013 calculated at 9 months' worth of assessments, NAS would have rejected it as insufficient to satisfy the super-priority portion of the lien." Appellant TRP Fund does not dispute that substantial evidence supports these findings. *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-14610

P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo). The district court thus correctly determined that the HOA's foreclosure sale did not extinguish the first deed of trust.[2] *See 7510 Perla Del Mar Avenue Trust v. Bank of America, N.A.*, 136 Nev., Adv. Op. 6, ___ P.3d ___ (2020), (holding that "formal tender is excused when evidence shows that the party entitled to payment had a known policy of rejecting such payment").

TRP Fund contends that the district court incorrectly determined that TRP Fund was not a bona fide purchaser, but TRP Fund's putative BFP status is irrelevant when a tender (or in this case, an excused tender) cures the superpriority default by operation of law. *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018).[3] We also reject TRP Fund's argument that evidence of the offer to tender needed to be recorded. *Id.* at 609-10, 427 P.3d at 119-20.

The district court also awarded respondent roughly $35,000 in damages against appellant Cornerstone Homeowners Association. Respondent acknowledges that "[i]f this Court upholds the district court's ruling that BANA's Deed of Trust survived the foreclosure sale, then the cross claim[s against Cornerstone] are moot." Accordingly, we reverse the

---

[2]TRP Fund has not taken issue with respondent raising the tender-is-excused argument for the first time on appeal. *Cf. Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1158 n.3 (9th Cir. 2016) ("[I]t is well-established that a party can waive waiver." (internal quotation marks and citations omitted)).

[3]Consistent with *Bank of America*, the district court did not grant equitable relief but instead determined that the first deed of trust survived the foreclosure sale by operation of law.

district court's money judgment against Cornerstone. Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                                Cadish

cc:     Hon. Mark R. Denton, District Judge
        Lipson Neilson P.C.
        The Wright Law Group
        Akerman LLP/Las Vegas
        Eighth District Court Clerk